# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN JAY, II, | CASE NO. 1:10-cv-00685-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MEDICAL DEPARMENT OF FRESNO COUNTY JAIL, | (ECF. No. 1) |
| | THIRTY-DAY DEADLINE |
| Defendant. | |

## I. Screening Requirement

Plaintiff Joaquin Jay, II ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed April 19, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
2  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
3  (2007)).
4        Under section 1983, Plaintiff must demonstrate that each defendant personally participated
5  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
6  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
7  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
8  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
9  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
10 Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
11 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
12 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
13 conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

14 **II.    Discussion**

15       Plaintiff, who is currently out of custody, filed this action while he was incarcerated at the
16 Fresno County Jail. Plaintiff alleges that he was injured on January 14, 2010, and was prescribed
17 Vicodin for pain. When his pain medication ran out it was not renewed and he was given Ibuprofen
18 for the pain. He informed the medical department, by submitting a medical request, that he was not
19 getting relief from pain and requested that Vicodin be prescribed so he would not be in constant
20 severe pain, however his request was denied. Plaintiff brings this action against the Fresno County
21 Jail Medical Department seeking $250.000.
22       A local government unit may not be held responsible for the acts of its employees under a
23 *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691
24 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained
25 of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.
26 2010). Since Plaintiff has not named any defendants other than the Fresno County Jail Medical
27 Department he has failed to state a cognizable claim.
28       Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual

bases for his claims.  Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights.  Conclusory assertions of personal involvement or liability will not suffice.  Iqbal at 1949-50.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.

"[T]o maintain an Eighth Amendment claim based on medical treatment, an inmate must show "deliberate indifference to serious medical needs."'  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096).  "Deliberate indifference is a high legal standard."  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The defendant must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A difference of opinion between a prisoner and medical authorities as to proper treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).  Nor does an allegation by a prisoner that a physician

3

has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

### III.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;
2.  Plaintiff's complaint, filed April 19, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: March 11, 2011

UNITED STATES MAGISTRATE JUDGE