1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| JOAQUIN JAY, II, | CASE NO.    1:10-cv-00685-GBC (PC) |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| MEDICAL DEPARTMENT OF FRESNO COUNTY JAIL, | (ECF No. 14) |
| Defendant. | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

11
12
13
14
15
16

_____/

17

## **SCREENING ORDER**

18

### I.   **PROCEDURAL HISTORY**

19
20

Plaintiff Joaquin Jay, II ("Plaintiff") is a former state prisoner proceeding pro se and

21

in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this

22

action on April 19, 2010 and consented to Magistrate Judge jurisdiction on July 8, 2010.

23

(ECF Nos. 1 & 6.)  The Court screened Plaintiff's original complaint, finding that he had

24

failed to state any claims upon which relief may be granted and giving him leave to amend.

25

(ECF No. 8.)  After significant delay, Plaintiff filed a First Amended Complaint on August

26

24, 2011.  (ECF No. 14.)  No other parties have appeared.

27

The First Amended Complaint is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

## II.  SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

///

//

2

1

2

3   **III.   SUMMARY OF COMPLAINT**

4       Plaintiff claims that Defendant Medical Department of Fresno County Jail violated

5   his Eighth Amendment right to adequate medical care.

6       Plaintiff alleges as follows:  In January 2010, Plaintiff became very ill.  Medical staff

7   attributed Plaintiff's illness to his canteen purchases, and refused to treat him.  Because

8   of this denial, Plaintiff's illness became worse to the point where he could not hold down

9   or process solid foods.  In March 2010, Plaintiff was transported to the local hospital where

10  he was examined by a doctor, who prescribed medication and recommended a pureed

11  diet.  Through May 13, 2011, Plaintiff was unable to hold down or process solid food.[1]

12      Plaintiff seeks monetary damages.

13  **IV.   ANALYSIS**

14      The Civil Rights Act under which this action was filed provides:

15              Every person who, under color of [state law] . . . subjects, or
16              causes to be subjected, any citizen of the United States . . . to
                the deprivation of any rights, privileges, or immunities secured
17              by the Constitution . . . shall be liable to the party injured in an
                action at law, suit in equity, or other proper proceeding for
18              redress.

19  42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

20  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

21  1997) (internal quotations omitted).

22  ///

23  //

24

25  ───────────────

26      [1]  Plaintiff also makes allegations regarding exposure to black mold.  However, this claim was
    dealt with in case 1:10-cv-00072-SKO (PC).  Thus, the claim is dismissed as duplicative and will not be
27  addressed here.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## A.   Eighth Amendment Claim

Plaintiff alleges that Defendant failed to give him appropriate medical care.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has alleged facts sufficient to show a serious medical need.  Plaintiff states that he was ill and that he was refused treatment by the Defendant because they attributed his condition to canteen purchases.  Plaintiff goes on to state that, once he did receive treatment, he had to be placed on medication and a pureed diet for the remainder of his stay at the jail.  Plaintiff has stated a claim for inadequate medical care in violation of the Eighth Amendment.

However, Plaintiff fails to attribute this action or inaction to a named Defendant. Plaintiff states that medical staff investigated his canteen purchase of hot sauce and

attributed his illness to it.  Again, Plaintiff has failed to name any specific Defendants and only refers to the Medical Department of Fresno County Jail.  The Court specifically informed Plaintiff in it's March 4, 2011 Screening Order that Fresno County Jail Medical Department was not a proper Defendant and that Plaintiff must name different defendants. Plaintiff failed to follow this advice.  Thus, this claim cannot proceed until Plaintiff names Defendants.  The Court will grant Plaintiff <u>one</u> additional opportunity to amend this claim name individual Defendants.

### B.    Personal Participation

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights.  Plaintiff needs to specifically link each Defendant to a violation of his rights.  Plaintiff appears to blame Defendant Medical Department of Fresno County Jail (an improper defendant) for all wrong doing without actually naming any individuals. Basically, Plaintiff fails to attribute any responsibility for the Eighth Amendment violation to any properly named Defendant.

Under Section 1983, Plaintiff must demonstrate that <u>each</u> named Defendant personally participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff shall be given <u>one</u> final opportunity to file a second amended complaint curing the deficiencies in this respect.

### C.    Municipal Liability

Plaintiff again names the Medical Department of the Fresno County Jail as the lone Defendant.  Plaintiff was previously notified by the Court's Screening Order that this is an improper Defendant.

While Section 1983 is not itself a source of substantive rights, it provides a cause of action against any *person* who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; Grahm v. Connor, 490 U.S. 386, 393-94 (1989).  The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities.  Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 995-96 (N.D.Cal. 1996).  However, the entities named above are all municipal departments and sub-units of local governments and are not generally considered "persons" within the meaning of Section 1983.  See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983); Vance, 928 F.Supp. at 995-96 (dismissing sua sponte Santa Clara Department of Corrections as improper defendant); Jewett v. City of Sacramento Fire Dep't, 2010 WL 3212774, *2 (E.D. Cal. Aug. 12, 2010) (finding fire department not a "person" under Section 1983 and dismissing suit against it); Wade v. Fresno Police Dep't, 2010 WL 2353525, *4 (E.D. Cal. June 9, 2010) (finding police department is not a "person" under Section 1983); Morris v. State Bar of Cal., 2010 WL 966423, *3 (E.D. Cal. Mar. 11, 2010) (finding that a fire department is a municipal department and therefore not a "person" under Section 1983); Sanders v. Aranas, 2008 WL 268972, *3 (E.D. Cal. Jan. 29, 2008) (finding Fresno Police Department improper defendant because it is a subdivision of the City of Fresno); Brockmeier v. Solano Cnty. Sheriff's Dep't, 2006 WL 3760276, *4 (E.D. Cal. Dec. 18, 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of Section 1983).

7

Therefore, Fresno County Jail is not a properly named Defendant under Section 1983 and should be omitted from any amended complaint.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file a second amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, unless they are responsible for the unconstitutional conduct.  Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the issues described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "Second Amended Complaint,"
refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-685-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 31, 2011

UNITED STATES MAGISTRATE JUDGE

9