# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN JAY, II,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL DEPT OF FRESNO COUNTY JAIL,<br><br>    Defendant.<br>                                 / Doc. 17 | CASE NO. 1:10-cv-00685-GBC (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

**I. Procedural History, Screening Requirement, and Standard**

On April 19, 2010, Plaintiff Joaquin Jay, II, ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On March 11, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 8. On August 24, 2011, Plaintiff filed his first amended complaint. Doc. 14. On September 1, 2011, the Court issued a screening order, dismissing Plaintiff's first amended complaint, with leave to amend. Doc. 15. On October 12, 2011, Plaintiff filed his second amended complaint. Doc. 17.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell
8  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
9  unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
10 factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

11       While prisoners proceeding pro se in civil rights actions are still entitled to have their
12 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
13 now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must
14 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.
15 Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
16 sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret
17 Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
18 this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

19       Section 1983 provides a cause of action for the violation of constitutional or other federal
20 rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
21 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link
22 between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at
23 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
24 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
25 only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;
26 *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).
27 //
28 //

## II. Allegations in Plaintiff's Second Amended Complaint

In Plaintiff's second amended complaint, he names "Doctor of Fresno County Jail and Medical Assistant." 2d Am. Compl. at 1-2, Doc. 17.

Plaintiff alleges that during the month of December 2009, Plaintiff sustained an injury from a black mold infestation. *Id.* at 4. Plaintiff submitted a grievance for the black mold infestation, which was "sustained." *Id.*[1] In January 2010, Plaintiff attempted to obtain medical attention for his illness from the Doctor in Fresno County Jail and was denied. *Id.* He filled out numerous requests to be seen but did not receive help. *Id.* In March 2010 and April 2010, Plaintiff was transported to the local hospital by Correctional Officer because his illness had advanced to a state that Correctional Staff felt Plaintiff needed to be seen by a doctor. *Id.* At that point, the doctor at the hospital confirmed his infection in his esophagus; prescribed medication; and placed Plaintiff on a pureed diet for the duration of his incarceration. *Id.* The Doctor that worked in Fresno County Jail from January 2010 and May 2010 denied Plaintiff medical attention for his injury sustained in Fresno County Jail in December 2010. *Id.* For relief, Plaintiff seeks monetary damages. *Id.* at 3.

//
//
//
//
//
//

---

[1] The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . . " *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). On January 14, 2010, Plaintiff filed *Jay v. Fresno County Jail and Medical Department*, 1:10-cv-00072-SKO, and on May 6, 2011, the Court dismissed Plaintiff's case, with prejudice, for failure to state a claim. It appears that Plaintiff's claims may be barred by res judicata. However, the Court does not find it necessary to reach the res judicata analysis, as Plaintiff's second amended complaint fails to state a claim upon which relief may be granted.

1  Plaintiff also stated that he did not exhaust his administrative remedies because "medical
2  staff failed to respond to the grievance, so the outcome is unknown and time limits were exceeded.
3  2d Am. Compl. at 2, Doc. 17.[2]

### III. Legal Standard and Analysis for Plaintiff's Claims

**A. Eighth Amendment Deliberate Indifference to Serious Medical Need and Linkage**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

---

[2] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* In Plaintiff's second amended complaint, he states he did not complete the inmate appeals process. 2d Am. Compl. at 2, Doc. 17. Plaintiff states that "time limits were exceeded." *Id.* Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.

make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on Defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges that Defendant Doctor who worked in Fresno County Jail from January 2010 and May 2010 denied Plaintiff medical attention for his injury sustained in Fresno County Jail in December 2010. 2d Am. Compl. at 4. Plaintiff makes no allegations whatsoever with regard to Defendant "Medical Assistant." *See id.* Plaintiff alleges he suffered from a black mold infection and the medical staff at Fresno County Jail

failed to treat him. *Id.* However, Plaintiff failed to link a named defendant to his allegations of deliberate indifference to medical need. Plaintiff made vague allegations regarding submitting grievances and a denial of treatment for his pain, but he failed to state that a named defendant actually knew and disregarded Plaintiff's serious medical need.

### IV. Conclusion

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated:   March 26, 2012

UNITED STATES MAGISTRATE JUDGE